UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE CO. AS SUBROGEE OF STEPHANIE PUNCH | CIVIL ACTION |
| VERSUS | NO: 14-64 |
| UNITED STATES OF AMERICA | SECTION: "A" (4) |

## ORDER AND REASONS

Before the Court is a **Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 6)** filed by The United States of America. Plaintiff, State Farm Mutual Automobile Insurance Co., as subrogee of Stephanie Punch, opposes the motion. The motion, noticed for submission on April 9, 2014, 2014, is before the Court on the briefs without oral argument.

The United States moves to dismiss State Farm's complaint arguing that State Farm did not exhaust its administrative remedies under the Federal Tort Claims Act ("FTCA").

Stephanie Punch and Scott Seymour were involved in an auto accident on January 9, 2013. (Rec. Doc. 1-2, Petition ¶ II). At the time of the accident Seymour was acting in the course and scope of his employment with the U.S. Marshals Service. (Rec. Doc. 1, Notice of Removal ¶ I). State Farm insured Punch's vehicle and paid for the repair costs. (Rec. Doc. 1-2, Petition ¶ V). Concerned with the approaching prescriptive period under state law, on December 9, 2013, State Farm, as subrogee of Punch's claims, filed suit against Seymour *only* in state court. State Farm did not sue the United States.

State Farm nevertheless did attempt to submit an administrative claim to the United States Marshals Service before it filed suit against Seymour personally. On February 28, 2013, and on August 9, 2013, State Farm sent SF-95 claim forms for $3,152.87, and then for

1

$4,695.51, to the local office of the United States Marshal. (Rec. Doc. 7-2, Exhibits B & C). On March 22, 2013, State Farm sent additional correspondence to the local Marshal regarding a supplemental payment of $1,042.64. (*Id.* Exhibit D). State Farm contends that its documentation was sent to the government address that was listed on the police report, and that at no time did any representative of the government respond to the claims, whether to advise that they had been sent to an incorrect agency address or that they were denied. (Rec. Doc. 7 at 2).

The United States has submitted the declaration of Gerald M. Auerbach, General Counsel for the U.S. Marshals Service ("USMS"), Department of Justice, Alexandria, Virginia. (Rec. Doc. 6-2). Mr. Auerbach attests that his records reflect that no claim was presented to the USMS regarding State Farm's demand.

State Farm has provided copies of the forms that it sent to the USMS New Orleans office, and the United States has not suggested that the forms were not received locally, or that State Farm is misrepresenting the facts about the steps that it took to exhaust its claim.[1]

Although neither party identifies the issue as such, the United States' motion turns on whether State Farm submitted its SF-95 "to the appropriate Federal agency."[2] The FTCA defines the term "Federal agency" broadly.[3] The federal regulations clarify that "the

---

[1] The United States did not file a reply to State Farm's opposition.

[2] An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, **unless the claimant shall have first presented the claim to the appropriate Federal agency** and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail. The failure of an agency to make final disposition of a claim within six months after it is filed shall, at the option of the claimant any time thereafter, be deemed a final denial of the claim for purposes of this section . . . .

28 U.S.C. § 2675(a) (emphasis added).

[3] The term "Federal agency"
[I]ncludes the executive departments, the judicial and legislative branches, the military departments, independent establishments of the United States, and

appropriate Federal agency" is the one "whose activities gave rise to the claim." 28 C.F.R. § 14.2(b)(1). But perhaps even more importantly, the foregoing regulation places the onus upon any federal agency that receives the claim to either transfer it to the proper agency, if that can be ascertained, or to return the claim to the claimant. *Id.*

State Farm sent the SF-95 to the agency whose activities gave rise to the claim because Seymour was working for the Marshal's office for the Eastern District of Louisiana when he collided with Punch's vehicle. If the USMS office could not process the claim locally then the federal regs required transfer to the General Counsel in Alexandria, Virginia. The United States cannot plausibly argue that the local USMS would have been unable to ascertain from State Farm's SF-95 that the forms had to be forwarded to Alexandria in light of the claims being asserted. The Court is persuaded that State Farm did in fact present its claim in writing "to the appropriate Federal agency" before filing suit, and that the Court therefore has subject matter jurisdiction.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Dismiss for Lack of Subject Matter Jurisdiction (Rec. Doc. 6)** filed by the United States of America is **DENIED**.

May 5, 2014

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE

---

corporation primarily acting as instrumentalities or agencies of the United States, but does not include any contractor with the United States.
28 U.S.C. § 2671.